**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARY HUGHES,

Plaintiff,

vs. Case No. 3:23-cv-784-MMH-MCR

FAMILY DOLLAR STORES OF FLORIDA, LLC,

Defendant.
_________________________________/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Family Dollar Stores of Florida, LLC's Jurisdictional Supplement to the Notice of Removal (Doc. 10; Response), filed on July 24, 2023. On July 7, 2023, Defendant filed Defendant's Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See generally id. In the Notice, Defendant invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because "Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00." Notice at 4–5. On July 10, 2023, the Court entered a Jurisdictional Order (Doc. 7; Order) inquiring into its subject matter jurisdiction over this case. See generally id. In the Order, the Court found that Defendant had failed "to plausibly allege that the

amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)." Id. at 5. Specifically, the Court concluded that it could not "discern whether the amount in controversy is met" because Defendant's assertion "is based on a demand letter that is either not attached or is too vague and conclusory to be given any weight." Id. (citing case law discussing when a pre-suit demand letter is mere posturing). Moreover, the Court found that the "allegations are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy." Id. Accordingly, the Court directed Defendant to "provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action." Id. at 6. On July 24, 2023, in an effort to comply with the Court's Order, Defendant filed the Response. However, despite the information in the Response, the Court remains unable to conclude that it has subject matter jurisdiction over the instant action. This is so because Defendant again fails to allege facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to state court.

A removing defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co. v. Owens, the Supreme Court explained that a defendant's notice

of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

In the Response, Defendant argues that several pieces of information furnish the Court with sufficient evidence to find that the amount in controversy exceeds $75,000. See Response at 3–4. First, Defendant asserts that Plaintiff made a pre-suit demand for $1,000,000 and "subsequently orally

reduced her demand to $150,000." Id. at 3. Next, Defendant alleges that, after the Court entered its Order questioning jurisdiction, "Plaintiff stipulated that the amount in controversy does exceed $75,000." Id. In addition, Defendant contends that "the specific information detailing Plaintiff's injuries and damages," Plaintiff's civil cover sheet, and the "allegation in the Complaint that the amount in controversy exceeds $50,000" support a finding that this Court has jurisdiction. Id. at 4.

Having reviewed Defendant's arguments and filings, the Court concludes that Defendant's evidence is insufficient to establish that the jurisdictional threshold is met. The Court first finds that Plaintiff's pre-suit demand of $1,000,000 appears to reflect nothing more than posturing and puffery. See Notice, Ex. C (Doc. 1-3; Demand Letter). This case arises out of injuries Plaintiff sustained on May 1, 2021, as a result of slipping and falling in Defendant's store. See Complaint and Demand for Jury Trial (Doc. 3; Complaint) ¶¶ 6–7. In the Demand Letter dated June 12, 2023, Plaintiff's counsel lists the injuries that Plaintiff allegedly suffered, the medical procedures that she has undergone, and the medical expenses that she has incurred. See Demand Letter at 4. According to the Demand Letter, Plaintiff has incurred $34,192.25 in medical expenses. Id. Notably, while Plaintiff's counsel had every reason to list as many procedures and expenses as possible, he lists only three medical procedures: two injections on August 25, 2021, and one injection on August 27,

2021. See id. No facts suggest that Plaintiff's treatment is ongoing or that Plaintiff has incurred any damages since August of 2021. Because the specific facts in the Demand Letter support only $34,192.25 in damages, Plaintiff's demand for $1,000,000 and later oral demand for $150,000 do not appear to be reasonable estimates of the value of Plaintiff's claim.

Plaintiff's alleged stipulation as to the amount in controversy also is insufficient. As an initial matter, the Court cannot give this alleged stipulation any evidentiary weight because Defendant has not provided the stipulation to the Court. While the Court accepts counsel's representation, an unsworn representation is not evidence that meets Defendant's burden to establish that federal jurisdiction exists. See Smith v. Automatic Data Processing, Inc., No. 8:20-CV-2936-CEH-CPT, 2021 WL 2678762, at *2 (M.D. Fla. June 30, 2021).[1] Moreover, even if the stipulation were in the record, it would be insufficient to show that this Court has jurisdiction. The stipulation appears to be nothing more than an unadorned conclusion that the damages exceed $75,000. See Response at 3. Because the Court has an independent obligation to assure itself of its subject matter jurisdiction, the Court is not bound by the parties' conclusory, factually unsupported stipulation that an indeterminate amount of

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

damages exceeds the jurisdictional threshold. See Smith, 2021 WL 2678762, at *2; Pennington v. Covidien LP, No. 8:18-CV-2114-T-33SPF, 2018 WL 4501739, at *2–3 (M.D. Fla. Sept. 20, 2018); Eckert v. Sears, Roebuck & Co., No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *1–2 (M.D. Fla. Oct. 17, 2013). Ordinarily, the Court would be inclined to give the parties' estimate of damages some weight, but it cannot do so here when the facts in the record support only around $34,000 in damages. See Demand Letter at 4. Indeed, the Court can do no more than speculate as to how Plaintiff's damages could more than double to exceed $75,000.

Finally, the Court notes that Plaintiff's estimate in the Complaint and on the state court civil cover sheet that her damages exceed $50,000 says nothing about whether the damages exceed $75,000. See Complaint ¶ 1. In the Complaint, Plaintiff admits that $50,001 is merely an estimate and that the "actual value of the Plaintiff's claim will be determined by a fair and just jury." See id. Thus, the Court cannot reasonably infer from this allegation that the amount in controversy exceeds $75,000. Viewed all together, the information in the record is insufficient to meet Defendant's "burden of proving that federal jurisdiction exists." Williams, 269 F.3d at 1319. In light of the foregoing, the Court determines that, despite the Court's guidance and despite being given an additional opportunity, Defendant has failed to satisfactorily allege that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold.

Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.[2]
2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.
3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 27, 2023.

Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida

[2] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.